UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ISMAEL LOPEZ-ALDANA, | Case No. 09-CV-2479 (PJS/JSM) |
| Plaintiff, | |
| v. | ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |
| MICHAEL T. JARPMIN, District Director, Saint Paul District Office, U.S. Citizenship and Immigration Services; SCOTT BANIECKE, the Department Head of Immigration Customs Enforcement; ALEJANDRO MAYORKAS, Director, U.S. Citizenship and Immigration Services; JANET NAPOLITANO, Secretary of U.S. Department of Homeland Security; ERIC H. HOLDER, JR., United States Attorney General, | |
| Defendants. | |

---

Marcus A. Jarvis, JARVIS & ASSOCIATES, PC, for plaintiff.

D. Gerald Wilhelm, UNITED STATES ATTORNEY'S OFFICE, for defendants.

This matter is before the Court on plaintiff Ismael Lopez-Aldana's motion for a temporary restraining order. Lopez-Aldana, a foreign national who is currently in removal proceedings, seeks an order reinstating a grant of temporary protected status ("TPS") and releasing him from the custody of United States Immigration and Customs Enforcement. For the reasons set forth below, the motion is denied.

I. BACKGROUND

According to the allegations in the complaint, Lopez-Aldana is a citizen of El Salvador who entered the United States in November 2000. Compl. ¶ 19. The Attorney General initially

designated El Salvador for the TPS program in 2001.[1]  *See* Notice, 66 Fed. Reg. 14214-01 (Mar. 9, 2001).  This designation has been periodically renewed, most recently on October 1, 2008.  *See* Compl. Ex. E at 7.

Lopez-Aldana originally applied for TPS in 2002, but his application was denied because he was unable to establish that he entered the United States before the eligibility cutoff date of February 13, 2001.  Compl. ¶ 19 & Ex. C at 1.  Lopez-Aldana alleges that he has applied for TPS in all subsequent years, but that United States Citizenship and Immigration Services ("USCIS") denied his requests (or failed to act on them — Lopez-Aldana's allegations are not entirely clear).  Compl. ¶ 21.

In July 2008, Lopez-Aldana was involved in an altercation at a restaurant.  Compl. ¶¶ 22-23.  He was arrested and charged with two felonies and a misdemeanor.  Compl. ¶ 23.  Before his criminal case was concluded, the state turned him over to the custody of United States Immigration and Customs Enforcement ("ICE") to conduct removal proceedings.  Compl. ¶ 24.  Lopez-Aldana has been in ICE custody since August 4, 2008.  Compl. ¶ 1.

Since ICE took him into custody, Lopez-Aldana has been trying to gain TPS in two ways.  First, Lopez-Aldana asked the Immigration Judge ("IJ") presiding over his removal proceedings to grant him TPS.  *See* Compl. Exs. A, D.  Second, Lopez-Aldana filed another application for TPS with USCIS on September 22, 2008.  *See* Compl. Ex. E at 7.

Lopez-Aldana's two requests have been proceeding along parallel tracks.  The IJ originally denied his request (and ordered his removal) because she found that she lacked

---

[1]TPS is a temporary immigration status granted to eligible nationals of certain countries, most often because of unsafe conditions in those countries.  *See* Compl. Ex. C at 2.

jurisdiction to consider it. Compl. Ex. A. In July 2009, the Board of Immigration Appeals reversed the IJ's jurisdictional determination and remanded for a de novo review of Lopez-Aldana's request for TPS. Compl. Ex. D at 4. So far as the Court is aware, the matter remains pending before the IJ; according to the complaint, a hearing was scheduled to take place before the IJ on September 22, 2009. Compl. ¶ 29. The Court is unaware of the outcome of that hearing (or even whether it took place).

In the meantime, USCIS denied Lopez-Aldana's application for TPS in March 2009. Compl. Ex. E at 7-8. The subsequent timeline of events is difficult to follow, but, according to the complaint, the Administrative Appeals Office ("AAO") of USCIS sustained Lopez-Aldana's appeal. Compl. ¶ 31. The AAO[2] later notified Lopez-Aldana of its intent to deny his TPS application, apparently because of the pendency of the state criminal proceedings. Compl. ¶ 32. After Lopez-Aldana submitted additional evidence about his criminal charges, USCIS approved Lopez-Aldana's TPS application. Compl. ¶¶ 34-35 & Ex. N. For reasons that are not clear, USCIS abruptly revoked its approval two days later, on September 10, 2009. Compl. ¶ 43. The current status of Lopez-Aldana's TPS application to USCIS is unclear.

---

[2]The documents attached to the complaint do not clearly indicate whether it is the AAO or some other part of USCIS that has been acting on Lopez-Aldana's TPS application since the AAO sustained Lopez-Aldana's appeal. Later allegations in the complaint seem to indicate that some other part of USCIS is now handling Lopez-Aldana's application. In designating the entity involved as AAO or USCIS, the Court simply follows the allegations in the complaint.

## II. ANALYSIS

### A. Standard of Review

A court must consider four factors in deciding whether to grant a temporary restraining order: (1) the movant's likelihood of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the order will inflict on the party that is enjoined; and (4) the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981). Temporary restraining orders are extraordinary remedies, and the party seeking such relief bears the burden of establishing the *Dataphase* factors. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). Where, as here, the movant seeks the same relief that he would obtain after a trial on the merits, the movant bears a particularly heavy burden. *See Sanborn Mfg. Co. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 486 (8th Cir. 1993).

### B. Likelihood of Success

Lopez-Aldana filed this action seeking release from custody and reinstatement of TPS. Lopez-Aldana is unlikely to succeed on the merits of these claims because this Court almost certainly lacks jurisdiction over them.

Whether to grant TPS is a matter committed to the discretion of the Attorney General. *See* 8 U.S.C. § 1254a(a)(1)(A). With one exception (discussed below), Congress has expressly deprived all federal courts of jurisdiction to review denials of discretionary relief in immigration cases. 8 U.S.C. § 1252(a)(2)(B)(ii). This prohibition applies regardless of whether the denial was made in removal proceedings. 8 U.S.C. § 1252(a)(2)(B). The Court therefore likely lacks jurisdiction over Lopez-Aldana's claims seeking reinstatement of TPS. *See Bah v. Cangemi*, 489 F. Supp. 2d 905, 912-13 (D. Minn. 2007), *transfer of jurisdiction dismissed sub nom. Bah v.*

*Mukasey*, 521 F.3d 857 (8th Cir. 2008) ("*Bah I*"), *denial of attorney's fees aff'd*, 548 F.3d 680 (8th Cir. 2008) ("*Bah II*").

Under 8 U.S.C. § 1252(a)(2)(D), Lopez-Aldana can seek review of constitutional claims or questions of law underlying the decision to deny TPS even though the ultimate decision to deny TPS is discretionary. But such review is only available in the "appropriate court of appeals . . . ." *Id.* Notwithstanding the language of § 1252(a)(2)(D), some circuits have held that district courts also have jurisdiction to review the "purely legal" question of eligibility for TPS. *See Mejia Rodriguez v. U.S. Dep't of Homeland Sec.*, 562 F.3d 1137, 1142-45 (11th Cir. 2009). This Court has previously rejected such an argument, however, and continues to believe that the Eighth Circuit will not find it persuasive. *See Bah*, 489 F. Supp. 2d at 912-13 (rejecting similar argument); *Bah II*, 548 F.3d at 685 (noting that the district court lacked jurisdiction over Bah's TPS claim); *cf. Grass v. Gonzales*, 418 F.3d 876, 878 (8th Cir. 2005) (noting that Congress addressed the anomaly that criminal aliens could obtain habeas review in district court whereas non-criminal aliens were limited to review in the courts of appeals by enacting § 1252(a)(2)(D), which "permit[s] all aliens to raise constitutional and legal challenges, but only in the courts of appeals").

Even if § 1252(a)(2)(B)(ii) does not deprive this Court of jurisdiction over Lopez-Aldana's claims, the Court likely lacks jurisdiction for an entirely independent reason: It does not appear that Lopez-Aldana has exhausted his administrative remedies. *See Bah I*, 521 F.3d at 859 (refusing to recognize futility exception to exhaustion requirement and holding that, because Bah was currently in removal proceedings in which he could request TPS, the court lacked jurisdiction to hear his TPS claim).

Although the status of Lopez-Aldana's TPS application before USCIS is not entirely clear, it does not appear that he has received a final decision from USCIS. Whether or not USCIS has finally disposed of Lopez-Aldana's TPS application, though, it is clear that his removal proceedings remained pending as of the date Lopez-Aldana filed this action and accompanying motion. Nothing in the record before the Court indicates that the IJ has issued a decision either granting or denying TPS. Even if the IJ has issued an unfavorable decision, presumably Lopez-Aldana would be able to file an administrative appeal. As a result, it does not appear that Lopez-Aldana has exhausted his administrative remedies and the Court almost certainly lacks jurisdiction over his claims. *Bah*, 521 F.3d at 859. Lopez-Aldana is thus unlikely to succeed on the merits of his claims.

C. *Threat of Irreparable Harm to the Movant, Balance of Harms, and Public Interest*

Lopez-Aldana seeks to end his detention and obtain TPS. The threat of irreparable harm to Lopez-Aldana if the Court denies his motion is the threat of continued detention and the erroneous denial of TPS. But Lopez-Aldana has not claimed that his detention is unlawful for any reason other than that he is allegedly entitled to TPS. That entitlement is currently being litigated in removal proceedings. If Lopez-Aldana is denied TPS, he will have the opportunity to seek both administrative and then judicial review of that denial (to the extent that such review is available under § 1252(a)(2)(D)). Because Lopez-Aldana's TPS claim is now being considered in the proper forum, and because Lopez-Aldana will have an opportunity to seek judicial review of any denial of his claim, the extraordinary remedy of a temporary restraining order is not necessary to address the threat of an erroneous denial of relief. Moreover, it is in the public interest that Lopez-Aldana exhaust his administrative remedies.

Because Lopez-Aldana is very unlikely to succeed on his claims and the other *Dataphase* factors do not weigh in favor of granting relief, Lopez-Aldana's motion is denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that plaintiff's motion for a temporary restraining order is DENIED.

Dated:  September 30 , 2009          s/Patrick J. Schiltz
                                      Patrick J. Schiltz
                                      United States District Judge